```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TRUSTEES OF TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA & VICINITY, | No. 1:20-cv-14938-NLH-KMW |
| Plaintiffs, | OPINION |
| v. | |
| MOULTON LADDER & SCAFFOLDING, LLC, | |
| Defendant. | |

**APPEARANCES**:

CLAIBORNE S. NEWLIN
R. MATTHEW PETTIGREW, JR.
MARKOWITZ & RICHMAN
123 SOUTH BROAD STREET
SUITE 2020
PHILADELPHIA, PA 19109

   *On behalf of Plaintiffs*.

**HILLMAN**, **District Judge**

   This matter comes before the Court on Plaintiffs Trustees of Teamsters Health & Welfare Fund of Philadelphia & Vicinity's motion for default judgment, filed pursuant to Fed. R. Civ. P. 55(b)(2). For the reasons expressed below, Plaintiffs' motion will be denied without prejudice.

                           **BACKGROUND**

   Plaintiffs are Trustees and fiduciaries of the Teamsters Health & Welfare Trust Fund of Philadelphia & Vicinity ("the

Fund"). The Fund is a multi-employer benefit fund within the meaning of Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), and Section 3(3) and 3(7) of the Employee Retirement Income Security Act ("ERISA"). The Fund receives and administers contributions from various contractors who are obligated to make contributions to the Fund by virtue of their having agreed to be bound by collective bargaining agreements with various local unions affiliated with the International Brotherhood of Teamsters, including Local 107.

Defendant Moulton Ladder & Scaffold, LLC is a Pennsylvania corporation, and its employees who are represented by the union are participants in and beneficiaries of the Fund. Defendant is a party to a collective bargaining agreement with the union and, as such, is bound by its terms. The collective bargaining agreement requires Moulton to submit timely contribution reports and to make timely contributions to the Fund for each hour worked by each employee. Under the collective bargaining agreement, liquidated damages in the amount of 10% are imposed on late payments. Plaintiffs allege that audits conducted on behalf of the Fund revealed that Defendant failed to pay contributions in the amount of $2,365.36 to the Fund on behalf of its employees for the calendar year 2016, $2,785.93 for the calendar year 2017, and $104.30 in liquidated damages for the calendar year 2017.

On October 25, 2020, Plaintiffs filed their Complaint against Defendant, alleging claims for breach of the collective bargaining agreement and violations of Section 515 of ERISA, 29 U.S.C. § 1145.  (ECF No. 1).  Plaintiffs filed an Affidavit of Service on December 13, 2021, which asserts that Defendant was served on November 13, 2020.  (ECF No. 4).  Defendant has failed to make an appearance or respond to the Complaint.  On January 23, 2021, Plaintiffs filed a request for default, (ECF No. 5), which the Clerk entered on January 25, 2021.

Finally, on March 31, 2021, Plaintiffs filed the presently pending motion for default judgment.  (ECF No. 6).  Plaintiffs' motion seeks unpaid benefit contributions, liquidated damages, fees and attorneys' costs, as well as an Order from this Court directing Defendant to (1) provide the Fund's auditors with access to its books and records for the purpose of determining all amounts owed by the defendant, (2) immediately submit all overdue contribution reports, and (3) make future contributions in a timely fashion and in accordance with the Agreements and ERISA.  Plaintiffs' motion is unopposed, and the time for filing further briefing in support or opposition to it has since passed.

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court has jurisdiction over this action pursuant to 28

U.S.C. § 1331.

## I. Legal Standard for Motion for Default Judgment

The court is authorized to enter a default judgment on a plaintiff's motion against a properly served defendant who fails to file a timely responsive pleading. Fed. R. Civ. P. 55(b)(2). Chanel v. Gordashevsky, 558 F.Supp.2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. Virgin Is. Bd. Of Tax. Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). The decision to enter a default judgement is left to the discretion of the court; however, the Third Circuit has articulated its "preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir, 1984).

In assessing a motion for default judgment, the court should accept as true all well-pleaded factual allegations – other than those regarding damages - but is not required to accept the Plaintiffs' legal conclusions. Dempsey v. Pistol Pete's Beef N Beer, LLC, No. 08-5454, 2009 WL 3584597, at *3 (Oct. 26, 2009). Three factors guide whether a default judgement should be granted: (1) prejudice to the Plaintiffs if the default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. Chaberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). However, before determining whether a

4

Plaintiffs is entitled to default judgment, the court must first review whether (1) there is sufficient proof of service, Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir.1985), and (2) the Complaint demonstrates a valid cause of action. Richardson v. Cascade Skating Rink, No. 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020).

## II.  Analysis

Plaintiffs here move for default judgment on their breach of contract and ERISA claims.  However, Plaintiffs' motion suffers from two fatal defects.  First, as noted above, before a court can enter default judgment against a defendant, it must find that process was properly served on the defendant.  Gold Kist, Inc., 756 F.2d at 19.  Defendant is a limited liability company, which "must be served by 'delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" Cerrato v. Seaboard Corp. Servs., LLC, No. 19-9448, 2020 WL 2559535, at *1 (D.N.J. May 20, 2020) (quoting Fed. R. Civ. P. 4(h)(1)(B)).

Here, Plaintiffs filed an Affidavit of Service on December 13, 2020, purporting to demonstrate that Defendant was properly served on November 13, 2020.  However, the Affidavit states only that service of process was "received by MOULTON LADDER & SCAFFOLD, LLC. Age:25; Ethnicity: Caucasian; Gender: Male;

5

Weight: 165; Height: 5'10"; Hair: Black; Eyes: Brown; Other: Dim Mammalei." (ECF No. 4). Neither that affidavit nor any further certification or briefing presently before the Court discusses the described individual's relationship to Defendant; both Plaintiffs' brief and its supporting Declaration of R. Matthew Pettigrew, Jr., Plaintiffs' counsel, simply state that Defendant was properly served and refer the Court to the Affidavit. Accordingly, Plaintiffs have failed to even allege that the individual described in the Affidavit of Service is an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), and have failed to provide any other basis for the Court to determine that service upon that individual is sufficient to allow this Court to exercise jurisdiction over Defendant.

While that finding is sufficient on its own to deny Plaintiffs' motion, the Court will further note one additional defect. As stated above, when determining whether to enter judgment on default, "the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). See also Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990 (stating that while the factual allegations of the Complaint "will be taken as true," the amount

of damages must still be proven).  Therefore, the party seeking an entry of default must show proof of damages.  See Malik v. Hannah, 661 F. Supp. 2d 485, 490 (D.N.J.2009).

Here, Plaintiffs offer no proof of damages other than the allegations in the Complaint.  The Complaint simply asserts that an audit occurred and found that Defendant failed to make required contributions to the Fund on behalf of its union employees in 2016 and 2017 totaling $5,151.29.  (ECF No. 1 at ¶¶ 15-17).  The supporting declaration filed by Plaintiffs' counsel simply asserts that "[a]s set forth in the complaint, audits show that the defendant owes $2,365.36 in unpaid contributions for 2016, $2,785.93 in unpaid contributions for 2017, and $104.30 in liquidated damages for late payments in 2017," (ECF No. 6-1 at ¶ 10), with no underlying proof or evidence submitted to support this assertion.  Plaintiffs have therefore not set forth any evidence to support their claim for damages, and their motion will also be denied for this reason.  Siegmeister v. Benford, No. 15-07099, 2017 WL 2399573, at *7 (D.N.J. June 1, 2017).

However, Plaintiffs' motion will be denied without prejudice.  If Plaintiffs determine that they properly served Defendant, they may proceed to file a new motion that properly addresses the defects outlined herein by providing proof that process was properly served on Defendant and that they sustained

7

the damages sought.

## **CONCLUSION**

For the reasons expressed above, Plaintiffs' motion for default judgment (ECF No. 6) will be denied without prejudice.

An appropriate Order will be entered.

Date: August 19, 2021              /s Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

8