UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRUSTEES OF TEAMSTERS HEALTH & WELFARE FUND OF PHILADELPHIA & VICINITY,

    Plaintiffs,

v.

MOULTON LADDER & SCAFFOLDING, LLC,

    Defendant.

No. 1:20-cv-14938-NLH-KMW

OPINION

**APPEARANCES**:

CLAIBORNE S. NEWLIN
R. MATTHEW PETTIGREW, JR.
MARKOWITZ & RICHMAN
123 SOUTH BROAD STREET
SUITE 2020
PHILADELPHIA, PA 19109

    *On behalf of Plaintiffs*.

**HILLMAN, District Judge**

    This matter comes before the Court on Plaintiffs', Trustees of Teamsters Health & Welfare Fund of Philadelphia & Vicinity's amended motion for default judgment, filed pursuant to Fed. R. Civ. P. 55(b)(2). For the reasons expressed below, Plaintiffs' motion will be denied without prejudice.

**BACKGROUND**

    The Court will presume familiarity with the background set

forth in its August 19, 2021 opinion denying Plaintiffs' original motion for default judgment. (See ECF 10). In that opinion and accompanying order, the Court denied the original motion for failure to show that Defendant was properly served. (Id. at 6). The Court also advised Plaintiffs that even if they had shown proper service on Defendant, they had not shown proof of damages, which was necessary to prevail on their motion for default judgment. (Id. at 7).

On September 22, 2021, Plaintiffs filed an amended motion for default judgment, seeking to cure those defects. (ECF 12). Attached to their motion was a new affidavit of service identifying the person with whom they left the summons and complaint as an "employee" of Defendant and attaching a spreadsheet of calculations supporting their figure of owed employer contributions. Previously, Plaintiffs submitted an affidavit of service that merely listed the name and physical characteristics of the individual that they served with the summons and complaint in the instant action. (ECF 6). They also did not previously provide backup for their damages calculation. (See generally id.) Plaintiffs also seek reimbursement of attorneys fees and costs under 29 U.S.C. § 1132(g)(2)(D) totaling $5,450. (ECF 12-1 at 3). Defendant did not respond to the instant motion.

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

### I. Legal Standard for Motion for Default Judgment

The court is authorized to enter a default judgment on a plaintiff's motion against a properly served defendant who fails to file a timely responsive pleading. Fed. R. Civ. P. 55(b)(2). Chanel v. Gordashevsky, 558 F.Supp.2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. Virgin Is. Bd. Of Tax. Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  The decision to enter a default judgement is left to the discretion of the court; however, the Third Circuit has articulated its "preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir, 1984).

In assessing a motion for default judgment, the court should accept as true all well-pleaded factual allegations – other than those regarding damages – but is not required to accept a plaintiff's legal conclusions. Dempsey v. Pistol Pete's Beef N Beer, LLC, 2009 WL 3584597, at *3 (Oct. 26, 2009).  Three factors guide whether a default judgement should be granted: (1) prejudice to the Plaintiffs if the default is denied, (2) whether the defendant appears to have a litigable defense, and

(3) whether the defendant's delay is due to culpable conduct. Chaberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). However, before determining whether a Plaintiffs is entitled to default judgment, the court must first review whether (1) there is sufficient proof of service, Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir.1985), and (2) the Complaint demonstrates a valid cause of action. Richardson v. Cascade Skating Rink, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020).

**II. Analysis**

Plaintiffs again move for default judgment on the claims in their complaint. However, Plaintiffs have still failed to show that Defendant was properly served. First, as noted above, before a court can enter default judgment against a defendant, it must find that process was properly served on the defendant. Gold Kist, Inc., 756 F.2d at 19. Defendant is a limited liability company, which "must be served by 'delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" Cerrato v. Seaboard Corp. Servs., LLC, 2020 WL 2559535, at *1 (D.N.J. May 20, 2020) (quoting Fed. R. Civ. P. 4(h)(1)(B)). In the alternative, service can be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction

4

in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1); id. at 4(h)(1)(A). This Court sits in New Jersey and service was attempted in Pennsylvania. Therefore, in addition to complying with Federal Rule of Civil Procedure 4(h), service consistent with either state's laws would suffice.

In the most recent affidavit of service dated August 25,2021, Plaintiffs state they served "an employee of the Defendant." (ECF 12-2). This statement still is not enough to show that service was properly executed on Defendant. Under Rule 4(h)(1)(B), "[i]n order for service of process upon an agent to be effective, it must be shown that the agent was actually appointed by the defendant for the specific purpose of receiving process." West v. Am. Honda Motor Co., 2008 WL 4104683, at *4 (D.N.J. Aug. 28, 2008). "Mere acceptance is not enough to demonstrate an agency relationship for purpose of service of process[.]" Id. Here, nothing in the statement that the person who accepted service was "an employee of the Defendant" gives the Court confidence that Defendant was properly served. Indeed, the major purpose of service of process is to give notice to defendants in actions commenced against them. Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996) ("[O]ne of the purposes of the rules regarding service of process is to provide notice[.]") It is not at all

5

clear that the Defendant LLC received such notice through the type of person described by the relevant rule of procedure.

Plaintiffs also have not met their burden of showing that service was carried out consistently with New Jersey or Pennsylvania law.  New Jersey law requires that a limited liability company be served "by serving a copy of the summons and complaint… on an officer or managing agent or, in the case of a partnership, a general partner[.]" N.J. Ct. R. R. 4:4-4(a)(5).  To meet this standard, a plaintiff must show that they served someone with authority to accept on behalf of defendants. West, 2008 WL 4104683 at *5 ("New Jersey courts have found that mere acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, does not establish that the employee was authorized to do so."); Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 428, 833 A.2d 626, 631 (App. Div. 2003) ("When serving a [company] representative, the person served should be so integrated with the organization that he [or she] will know what to do with the papers and that he or she should stand in a position as to render it fair, reasonable and just to imply the authority to receive service.)[1] (internal quotation marks omitted).  Nothing

---

[1] Both West and Jameson's facts involved service on a corporation rather than a limited liability company. See West v. Am. Honda Motor Co., 2008 WL 4104683, at *5 (D.N.J. Aug. 28, 2008); Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 428,

6

in the affidavit (ECF 12-2) gives any indication that the employee served was "integrated with the organization" to such an extent that they would know what to do with the papers.  The same logic applies under Pennsylvania's laws, which require service to be made on ("1) any partner, officer or registered agent of the partnership or association, or (2) an agent authorized by the partnership or association in writing to receive service of process for it, or (3) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the partnership or association." Pa.R.C.P. No. 423.  Nothing in Plaintiffs' affidavit suggests that any of these prongs have been met. (See ECF 12-2).  For that reason alone, the amended motion for default judgment will be denied.

For the sake of thoroughness, the Court will briefly comment on Plaintiffs' request for an award of damages in the amount of $5,172.07 and attorneys fees and costs totaling $5,450.  While the spreadsheets attached to the amended motion

---

833 A.2d 626, 631 (App. Div. 2003).  However, this Court discerns no meaningful difference, in this context, between an LLC and a traditional corporation because the underlying rationale in *West* and *Jameson* was to ensure that the served papers reached someone important enough in the organization who could respond to the suit.  See West v. Am. Honda Motor Co., 2008 WL 4104683, at *5 (D.N.J. Aug. 28, 2008); Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 428, 833 A.2d 626, 631 (App. Div. 2003).

provide sufficient support for an award of $5,172.07 in arrears in employer contributions (ECF 12-3), nothing in the amended motion or its attachments supports the amount requested in attorneys fees.  Specifically, counsel for Plaintiffs state that their hourly rate was $400 per hour. (ECF 12-1).  However, they do not provide any support that that rate is reasonable.  29 U.S.C. § 1132(g)(2)(D) (allowing "reasonable attorney's fees and costs of the action"); Stadler v. Abrams, 2018 WL 3617967, at *2 (D.N.J. July 30, 2018), aff'd, 785 F. App'x 66 (3d Cir. 2019) ("The party seeking attorney's fees bears the burden to prove the reasonableness of the fee request."); S.D. v. Manville Bd. of Educ., 989 F. Supp. 649, 656 (D.N.J. 1998) ("This burden is normally addressed by submitting affidavits of other attorneys in the relevant legal community attesting to the range of prevailing rates charged by attorneys with similar skill and experience.")

## CONCLUSION

For the reasons expressed above, Plaintiffs' motion for default judgment (ECF 12) will be denied without prejudice.

An appropriate Order will be entered.


Date: February 11, 2022            /s Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.